# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN HILL,<br><br>   Petitioner,<br><br> vs.<br><br>RICHARD IVES, Warden,<br><br>   Respondent. | Case No. CV 12-8550 MWF (MRW)<br><br>ORDER DISMISSING ACTION |

  The Court vacates the reference of this federal action to the Magistrate Judge and dismisses this action as moot. Petitioner has been released from federal prison and is not entitled to habeas relief.

* * *

  Petitioner Juan Hill formerly was a federal inmate at FCC Lompoc. In April 2012, he was furloughed from prison and directed to report to a residential re-entry center (RRC) in Ohio to serve the final portion of his criminal sentence. The BOP contended that Petitioner failed to arrive at the RRC on time, placed him on "escape" status, and returned him to prison for the remainder of his sentence.

In early October 2012, Petitioner filed a federal habeas action in this Court under 28 U.S.C. § 2241. (Docket # 1.) Petitioner contended that his late arrival at the RRC in Ohio was beyond his control (bus delays, etc.). He further argued that the BOP abused its discretion and violated his rights by revoking his RRC designation. (Docket # 1 at 3.) Although Petitioner did not expressly state in his petition what relief he sought from this Court, in a supplemental filing that Magistrate Judge Wilner directed him to file, Petitioner complained that he "was and is entitled to a reasonable opportunity to serve the remainder of his sentence" at an RRC. (Docket # 7 at 4.)

However, the parties acknowledge that Petitioner was released from BOP custody on October 19, 2012. (Docket # 13 at 47; 14 at 5.) The government moves to dismiss the action on several grounds, including a contention that Petitioner's release from custody makes the matter moot.

\* \* \*

A habeas corpus proceeding is "a civil action against the warden of [a] prison." Ryan v. Valencia Gonzales, ___ U.S. ___, 2013 WL 68690, *9 (Jan. 8, 2013) (emphasis omitted). To maintain such an action, the prisoner must demonstrate that he suffered a cognizable injury "traceable to the defendant and likely to be redressed by a favorable judicial decision." Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (quotation omitted). If the injury cannot be remedied by "the sort of equitable relief we may grant in response to a habeas petition," the action is moot and a federal court loses jurisdiction. Id.

A prisoner's release from prison typically renders a habeas action – which seeks that very termination of custody – moot. See, e.g., Bonneau v. United States, ___ F. App'x ___, 2013 WL 54026, at *1 (9th Cir. Jan. 4, 2013) (affirming dismissal of inmate's petition; petitioner "fully served the custodial portion of the sentences he is attacking at the time he filed his habeas petition[.] Therefore, the

district court could not grant him any effective relief."); Marcelo v. Cate, 459 F. App'x 668 (9th Cir. 2011) (inmate released on parole cannot obtain habeas relief in federal court); Walker v. Sanders, 385 F. App'x 747 (9th Cir. 2010) (inmate placed in RRC after filing of habeas petition seeking RRC placement presented moot petition).

In the current action, Petitioner is no longer in custody because his federal sentence expired. His habeas action is therefore moot, as this Court cannot give him equitable relief from any injury he allegedly suffered. Indeed, if the Court were to grant Petitioner's request and order the warden to transfer Petitioner to an RRC, this would lengthen his federal sentence. Given Petitioner's status, the appropriate resolution is for the Court to grant the government's motion to dismiss the action on mootness grounds.[1]

Therefore, the action is hereby DISMISSED.

IT IS SO ORDERED.

DATED: January 28, 2013

_____
HON. MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

---

[1] Because the action is moot and the Court's lack of jurisdiction over the action is clear, the Court declines to address the government's remaining arguments regarding dismissal.